United States District Court
Southern District of Texas

**ENTERED**

May 20, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSE CRUZ GARCIA PESCADOR, | § § | CIVIL ACTION NUMBER 4:26-cv-02222 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GRANT DICKEY, *et al*, | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Petitioner Jose Cruz Garcia Pescador filed a petition for writ of *habeas corpus* under 28 USC §2241 on March 19, 2026. Dkt 1. It was reassigned to the undersigned on May 15, 2026. Dkt 8.

The petition advises that Petitioner was previously granted *habeas* relief in a separate action on January 9, 2026. Dkt 1 at 1–2 (counsel's advisory). Petitioner there raised claims under both the Immigration and Nationality Act and the Due Process Clause. See 4:25-cv-06070 (SD Tex, Jan 9, 2026), Dkt 1. The petition was granted as to the statutory question only, with the government ordered to provide a bond hearing under 8 USC §1226(a). 4:25-cv-06070, Dkt 13. A bond hearing was held on January 14, 2026. Bond was denied upon determination that Petitioner presented a flight risk. Dkt 1 at 2.

Petitioner then filed the present petition. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates constitutional guarantees of due process and equal protection. Id at 6–15.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is thus "subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief." *Montgomery v United States*, 2016 WL 592846, *5 (WD Tex); see also *Salazar Quintanilla v Johnson*, 1:26-cv-00022-H (ND Tex, Jan 16, 2026) (Hendrix, J) (dismissing petition raising issue of textual construction of 8 USC §§1225 and 1226).

All of the present claims proceed on assertion that Petitioner's detention without an individualized custody determination violates the Constitution. As to *substantive due process*, he asserts, "Respondents have made no individualized determination that Petitioner's continued detention is necessary to prevent flight or danger to the community, which are the only constitutionally permissible bases for preventive civil detention." Dkt 1 at ¶29. As to *procedural due process*, he asserts that his rights are violated because he's been deprived of "a hearing before a neutral decision-maker." Id at ¶39. As to *equal protection*, he contends that his rights are violated because he is being treated as subject to mandatory detention under §1225(b)(2)(A), whereas those detained pursuant to §1226(a) are entitled to "a bond hearing before an immigration judge." Id at ¶49. And as to *arbitrary and capricious government action*, he argues that he was "never identified as a flight risk or danger by any government authority," which he contends to mean in turn that the Government lacks a reasonable justification for his continued detention. Id at ¶56.

These arguments are entirely without merit because Petitioner admits that he has already received a bond hearing under §1226(a), which was denied bond upon an individualized determination that he presents a flight risk. Dkt 1 at 2. Even assuming that his legal theories had

2

merit, his requested relief is moot because he has already received the process to which he claims entitlement.

In any event, even if Petitioner hadn't received a prior bond hearing under §1226(a), his claims fail on the merits.

The Fifth Circuit has now issued a controlling decision with respect to the lawfulness of detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08.

Since that ruling, the undersigned has also determined that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention. *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex). See also *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026) (holding that Government may detain alien pursuant to §1225(b)(2)(A) while deportation proceedings are pending without offending substantive due process).

The undersigned has also determined that disparate treatment of aliens who entered entirely without inspection as compared with those whose presence became unlawful after legal entry doesn't violate equal protection because (i) such persons aren't similarly situated and, in any event, (ii) the Government proceeds in these action upon articulation of a rational basis to treat such persons differently. *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex).

Petitioner is not entitled to further relief. His petition for writ of *habeas corpus* is thus DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

It is ORDERED that the Clerk will email this order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on ___May 20, 2026___ , at Houston, Texas.

Honorable Charles Eskridge
United States District Judge

4